IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY LEE MILES,

      Petitioner,                      No. CIV S-07-1360 LKK EFB P

     vs.

ARNOLD SCHWARZENEGGER, et al.,

      Respondents.               FINDINGS AND RECOMMENDATIONS

                                  /

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that petitioner fails to state a cognizable claim. Petitioner has filed an opposition. For the reasons explained below, the court finds that the motion must be granted.

**I.    Facts**

      Petitioner is serving a sentence of seven years to life for his conviction of robbery. Pet., at 2. On January 4, 2006, the Board of Parole Hearings ("BPH") found that he was not suitable for release to parole. Attachment to Pet. ("Att."), at 1. The Governor did not review the BPH's determination. *Id.*, at 1-2. Petitioner sought a writ of habeas corpus from the Fresno County Superior Court on the ground that the Governor's failure to review the BPH's decision violated his right to due process. Att., Ex. 1. That court denied relief on the ground that the Governor

1

has discretion in whether to review a decision of the BPH. Att., Ex. 2. Thus, petitioner sought relief in the appellate court and in the California Supreme Court upon the same grounds presented to the trial court. Att. Ex., 3-4. Each court denied relief without citation or explanation. Ex. D. Thereafter, petitioner filed the instant federal petition seeking relief on the following grounds: (1) the Governor's refusal to review the BPH's decision to deny parole violated petitioner's right to due process; and, (2) the trial court abused its discretion when it failed to conduct an evidentiary hearing. Att., at 1-3.

## II. Standards Applicable to this Motion

Rule 4 of the Rules Governing Section 2254 Cases contemplates that where, as here, the court authorizes the respondent to file a motion, the respondent may move to dismiss the action on procedural grounds. *See* Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. Here, the defense respondent raises is the lack of any cognizable basis to pursue habeas relief. A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is unavailable for alleged errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985).

## III. Analysis

### A. Due Process Claim

Petitioner claims that the 2006 denial of parole was arbitrary because the Governor did not review the BPH's decision. Respondent asserts the claim implicates no federally-protected right. As noted above, federal habeas review is available only where a petitioner alleges a violation of federal law. *See* 28 U.S.C. § 2254. Thus, a federal court cannot on habeas corpus review or remedy an alleged violation of a state's constitution. *See Murtishaw v. Woodford*, 255

1  F.3d 926, 960 (9th Cir. 2001) (state's violation of its own separation of powers doctrine does not
2  rise to level of federal due process violation).  Only if an asserted state law error amounts to a
3  violation of due process, i.e., the state's action is arbitrary or fundamentally unfair, will a federal
4  court consider the claim.  *McKinney v. Rees*, 993 F.2d 1378, 1379 (9th Cir. 1993).  "[T]he
5  category of infractions that violate 'fundamental fairness' is a very narrow one." *Estelle*, 502
6  U.S. at 72.  Ninth Circuit precedent is unequivocal that California prisoners have a federally-
7  protected interest in release to parole.  *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003);
8  *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002).  The standard used for reviewing
9  prison officials' decision to revoke good time credits as a disciplinary measure is applied to state
10 prisoners' challenges to the sufficiency of the evidence supporting a finding that they are not
11 suitable for parole.  *Jancsek v. Oregon Bd. Of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987).
12 Thus, in order to state a claim for a due process violation, he must allege that there was not
13 "some evidence" to support the decision to deny parole.  *See McQuillon*, 306 F.3d at 902.
14 Alternatively, he must allege some basic infirmity, e.g., a biased decision-maker predetermined
15 the outcome. *See O'Bremski v. Maas*, 915 F.2d 418, 422 (9th Cir. 1990) (prisoners are entitled to
16 neutral decision-makers in parole suitability hearing).

17      Crucial to the analysis of this claim is California's framework for deciding whether a
18 prisoner should be released to parole.  A prisoner meets with a panel of the BPH, which reviews
19 the prisoner's records, background and conviction offense to determine whether "the prisoner
20 will pose an unreasonable risk of danger to society if released from prison." Cal. Pen. Code
21 § 3041(b); Cal. Code. Regs. tit. 15, § 2402(a).  That decision is not final for 30 days.  *See* Cal.
22 Const. Art. V, § 8(b).  During the 30 days after the BPH makes its determination, the Governor
23 may review the decision and reverse, affirm or modify the decision.  Cal. Const. Art. V, § 8(b);
24 (a); Cal. Pen. Code § 3041.2(a) (West 2000).  Thus, California law makes review by the
25 Governor *discretionary*.  Petitioner does not allege how the Governor's exercise of discretion
26 rendered the decision to deny parole arbitrary and unfair.  The mere allegation of arbitrariness

3

will not transform a matter of state law into a matter of federal due process. *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1996) (refusing to review petitioner's claim that trial court applied the wrong standard on petitioner's motion to withdraw his plea in state court). While petitioner alleges that the BPH decision was made "with out [sic] consideration of petitioners behavior, accomplishments or status over the past 23 years," nowhere does he assert that the evidence was not sufficient to find that he was not suitable for parole. Neither does he allege any procedural infirmity. Petitioner's assertions imply that had the Governor reviewed the BPH decision, he would have reversed it. But since the Governor was not under any obligation to review the decision, the possibility that he would have reversed the BPH does not matter. Only an alleged deficiency in the BPH proceedings themselves, independent of the Governor's refusal to review the matter, can state a claim. Petitioner does not identify such deficiency. While federal courts do not expect state prisoners to craft their allegations with the finesse of a lawyer, *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005), they do require prisoners to allege the particular constitutional error the court is asked to consider. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Petitioner's failure to allege any specific fact that triggers a federally protected right is fatal to his petition. Respondent's motion to dismiss this claim must be granted.

### B. Equal Protection Claim

As noted, petitioner also claims that the Governor's refusal to review his case violates the Equal Protection Clause of the Fourteenth Amendment. Respondent contends that petitioner fails to state a claim. Equal protection is a command that all persons similarly situated should be treated alike. *City of Cleburne, Tex. v . Cleburne Living Center*, 473 U.S. 432, 439 (1985). "General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle." *Jones v. Helms*, 452 U.S. 412, 423 (1981). Where, as here, the statute is facially neutral, intent to discriminate may be inferred by proof of disproportionate impact insofar as such impact tends to show some invidious or discriminatory purpose underlies

4

the statute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Discrimination based on characteristics other than race, alienage, national origin and sex must be rationally related to a legitimate state interest. *City of Cleburne*, 473 U.S. at 440. Thus, prisoners who are eligible for parole are not a suspect class entitled to heightened scrutiny. *See Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989) (prisoners not a suspect class). Furthermore, public safety, which by its terms California's parole system is designed to further, is a legitimate state interest. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (health and safety are legitimate state interests). Under these standards, petitioner clearly states no claim. He asserts that in order to satisfy the Equal Protection Clause, the Governor must review "each decision rendered by the Parole Board, to grant, as well as deny parole." Pet., Att., at 2. California's Constitution makes no such requirement. It is important to note that "the Fourteenth Amendment guarantees equal laws, not equal results." *Personnel Adm'r v. Feeney*, 442 U.S. 256, 273 (1979). Petitioner does not allege any facts suggesting that the discretion vested in the governor is not reasonably related to public safety, or that the governor's decision not to review petitioner's case was rooted in an intent to discriminate based on an impermissible characteristic. Accordingly, petitioner fails to state a claim for relief. Respondent's motion to dismiss this claim must be granted.

**IV.    Conclusion**

For the reasons explained above, the court finds that the claim petitioner attempts to frame as a federal due process claim in fact arises (if at all) under state law only. Furthermore, petitioner fails to state a claim that the governor's decision not to review the BPH determination violated his right to equal protection of the laws. Thus, respondent's motion must be granted.

////

////

////

////

5

1  Accordingly, it is hereby RECOMMENDED that respondent's December 20, 2007,
2 motion to dismiss be granted and that this action be dismissed for petitioner's failure to state a
3 claim.

4  These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after
6 being served with these findings and recommendations, any party may file written objections
7 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
8 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
9 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
10 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 Dated:  August 7, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE